PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:13-CR-339-1&2 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JORDIE L. CALLAHAN, *et al.*, ) | |
| ) | **ORDER** |
| Defendants. ) | |

In preparation for the sentencing of Defendants Callahan and Hunt, the Court issues the following.

In general, if counsel objects to a statement in the Presentence Investigation Report ("PSR"), it would be immensely helpful to resolving that objection if counsel provides the citations in the transcript or identify other evidence supporting the objection. With a transcript of over 3,300 pages, it is very difficult to identify testimony or other evidence supporting the objection without some guidance.

Accordingly, Hunt's counsel is ordered to provide specific citations to the transcript or other evidence that support the following objections made on behalf of Defendant Hunt[1]:

> Page 7, Paragraph 19: While Ms. Hunt acknowledges having access to S.E.'s government benefits card, she testified that it was with S.E.'s permission that she used these cards. The

---

[1] Taken from Defendant Hunt's objections dated July 3, 2014.

(1:13-CR-339-1&2)

testimony of several witnesses at trial, including S.E., Silsby and Hunt established that Hunt performed grocery shopping for herself and S.E. at the beginning of each month.  Evidence further established that S.E. used Hunt's government assistance cards as well when she made purchases at the local convenience stores for Hunt, Callahan and herself.  Most likely because of this evidence, Hunt and Callahan were acquitted of stealing S.E.'s government benefits.

Page 7, Paragraph 22:  Ms. Hunt objects to the statement that 'when S.E. first stayed with Ms. Hunt she was forced to sleep on the cement basement floor with no mattress.  The evidence at trial established that when S.E. *first* stayed with Ms. Hunt she slept on the couch in the living room with B.E. beside her in a toddler bed on the floor.

Page 7, Paragraph 24: Witness No. 4 (Justin Young) never testified at trial that he observed Callahan punch S.E. in the arm, that he heard Hunt or Callahan yell at S.E. to punish B.E., or that S.E. was threatened regarding B.E.  Also, although Witness No. 3 (Cutis Stackhouse) made statements to law enforcement regarding observing Hunt drag S.E. down the stairs by the hair, at trial Witness No. 3 (Curtis Stackhouse) acknowledged that he "did not see Hunt drag S.E. down the stairs by her hair" as he clearly could not have as there was a wall between where he was and the stairs.  Also, Witness No. 3 did not testify at trial that Hunt/Callahan ordered S.E. to do yardwork and threatened to beat her if she did not.  Witness No. 3 testified that he "saw" S.E. doing yardwork.

Page 8, Paragraph 25: There was never more than one iguana at any given time. Testimony established not that the food was "locked" up but kept on the basement steps.  Hunt denies ever ordering S.E. to bind up B.E. and denies that B.E. was ever bound up in her presence. When S.E. was questioned by law enforcement shortly after she confessed to abusing her daughter, S.E. stated "she was the only one" who tied up her daughter and did not say it was because she was threatened to do so.

2

(1:13-CR-339-1&2)

Hunt's counsel also objects to the PSR's suggested guideline range on the forced labor count and states that it should be 22. They further state that this will be addressed in more detail in the sentencing memorandum. Guideline objections should be made directly to the U.S. Probation Officer, even if they are also referenced in a sentencing memorandum. If counsel does not fully provide objections to the Probation Officer, that officer has no way of responding to the objection or correcting the PSR, if necessary. Counsel is hereby ordered to set forth all objections to the PSR by filing supplemental objections, if necessary.

The Government's counsel is ordered to provide specific citations to the transcript or other evidence that support the following objections made on behalf of the Government:

Regarding Defendant Hunt[2]:

>1. The Government objects to paragraphs 10-34 ("The Offense Conduct") to the extent that these paragraphs do not include pertinent evidence that was presented at trial. Specifically, the Government requests that the following be added to the described offense conduct:
>
>(a) Hunt's juvenile sons physically abused S.E. and J.V., often in the presence of Hunt and Callahan. This abuse included:
>
>-Smacking J.V. 'upside the head;'
>- Shooting S.E. with a B.B. gun when S.E. refused to comply with Hunt's demand that S.E. rub her face in her own feces;

---

[2]Taken from Government's objections dated July 3, 2014.

3

(1:13-CR-339-1&2)

> - Tying J.V. up with a rope, and after the juveniles tied J.V. up with a rope, Hunt and Callahan refused to let S.E. untie J.V.;
> - Throwing J.V. across the upstairs bedroom;
> - Inappropriate touching and likely molestation of J.V.; and
> - Kicking S.E. while wearing shoes.;
>
> (b) Hunt and Callahan forced S.E. to tie up J.V."

Regarding Defendant Callahan[3]:

> 1. The Government objects to paragraphs 11-35 ("The Offense Conduct") to the extent that these paragraphs do not include pertinent evidence that was presented at trial. Specifically, the Government requests that the following be added to the described offense conduct:
>
> (a) Hunt's juvenile sons physically abused S.E. and J.V., often in the presence of Hunt and Callahan. This abuse included:
>
> -Smacking J.V. 'upside the head;'
> - Shooting S.E. with a B.B. gun when S.E. refused to comply with Hunt's demand that S.E. rub her face in her own feces;
> - Tying J.V. up with a rope, and after the juveniles tied J.V. up with a rope, Hunt and Callahan refused to let S.E. untie J.V.;
> - Throwing J.V. across the upstairs bedroom;
> - Inappropriate touching and likely molestation of J.V.; and
> - Kicking S.E. while wearing shoes.;
>
> (b) Hunt and Callahan forced S.E. to tie up J.V."

---

[3]Taken from Government's objections dated June 27, 2014

4

(1:13-CR-339-1&2)

Supplemental objections addressing the matters herein shall be filed not later than noon of July 18, 2014. If necessary, the Probation Officer shall, thereafter, file supplemental PSRs.

    IT IS SO ORDERED.

|   July 17, 2014 |   */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

5